Filed 8/27/24  In re C.P. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re C.P. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. K.M., Defendant and Appellant. | G063397 (Super. Ct. Nos. 23DP0423, 23DP0424) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lindsey E. Martinez, Judge. Motion to Dismiss. Granted. Request for Judicial Notice. Granted.

Mansi Thakkar, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Debbie Torrez and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \*

K.M. (Father) appeals from the juvenile court's dispositional order granting B.P. (Mother) the primary share of parenting time of their children C.P. (6 years old) and V.M. (4 years old) (C.P. and V.M. are together referred to as the Children). The court found the Children came within its jurisdiction under Welfare and Institutions Code section 300, subdivision (b)(1) (all undesignated statutory references are to this code).

During the pendency of the appeal, the juvenile court terminated its jurisdiction, vesting legal and physical custody of the Children to Mother and Father. The primary residence of the Children was deemed to be with Father and scheduled visitation was ordered for Mother. The Orange County Social Services Agency (Agency) thereafter filed a motion to dismiss the appeal as moot. We agree the appeal is moot and decline to exercise our discretion to address Father's challenges to the dispositional order and dismiss the appeal.[1]

FACTS AND PROCEDURAL BACKGROUND

The Los Angeles County juvenile court found true, by a preponderance of the evidence, the allegations of the child welfare petition

---

[1] We are aware California Rules of Court, rule 8.416(e)(1), shortens the time for record preparation and briefing in appeals of orders in child welfare cases "[t]o permit determination of the appeal within 250 days after the notice of appeal is filed . . . ." In this case, there was a motion to dismiss which required additional briefing. This unavoidably slowed the process of the appeal so that our opinion was filed beyond the 250 days.

2

filed in November 2022 by the Los Angeles County Department of Children and Family Services (DCFS) on the Children's behalf as later amended in February 2023 and by interlineation in March 2023 (petition).[2] The petition alleged the Children came within the juvenile court's jurisdiction under section 300, subdivision (b)(1) (failure to protect) because the Mother's "mental and emotional problems" and the parents' "unresolved history of engaging in domestic violence, in the presence of the children" "endangers the children's physical health and safety and places the children at risk of serious physical harm, damage, [and] danger."

The petition further alleged the following facts in support of jurisdiction. Mother has "mental and emotional problems" rendering Mother "incapable of providing regular care and supervision of the children." It alleged Mother had not consistently participated in recommended mental health treatment. Additionally, the petition alleged Father had caused damage to the walls by using his fist to punch them and Mother had used one of the Children's plastic bottles to throw at Father's face in the presence of one of the children.

At the time child welfare proceedings were initiated the parents had been separated for several years. The Children had resided primarily with Mother. A prior custody order issued by the family court in January 2020 established regular visitation between Father and the Children.

In March 2023, the Los Angeles County juvenile court found the sustained allegations of the petition brought the Children within the provisions of section 300, subdivision (b)(1) and the Children remained

---

[2] Mother pleaded no contest to the allegations, and Father submitted on the reports before the court.

released to the parents under the supervision of DCFS. A disposition hearing was calendared for April 2023, but since Mother's residence changed to Orange County, the Los Angeles County juvenile court ordered the Childrens' cases transferred to Orange County. The pending disposition hearing was then ordered to be set in Orange County.

At the conclusion of the disposition hearing in November 2023, the Orange County Juvenile Court declared the Children dependents of the court with custody to remain vested in both Mother and Father. Mother was given the primary share of parenting time with the Children and scheduled visitation was ordered for the Father.

Father filed a timely notice of appeal as to the disposition order awarding Mother the primary share of parenting time with the Children. During the pendency of the appeal, the Agency filed a motion to dismiss the appeal as moot. The Agency's motion was supported by its request this court take judicial notice of, inter alia, the juvenile court's July 3, 2024 minute orders in which the court vested the Children's primary residence with Father, ordered regular visitation between the Children and Mother, and terminated child welfare proceedings. Father did not file a response to the Agency's motion to dismiss or request for judicial notice.

REQUEST FOR JUDICIAL NOTICE

In support of its motion to dismiss the appeal, the Agency filed a request we take judicial notice of the juvenile court's minute orders as to each child showing on July 3, 2024. In the minute orders, the juvenile court found conditions no longer existed to warrant juvenile court intervention. The court found it in the best interest of the Children "to vest primary residence with the [F]ather." Scheduled visitation was ordered between Mother and the Children, and child welfare proceedings were terminated.

4

"While appellate courts rarely consider postjudgment evidence or evidence developed after the ruling challenged on appeal, such evidence is admissible for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot." (*In re M.F.* (2022) 74 Cal.App.5th 86, 110 [granting request for judicial notice of juvenile court's order returning children to the mother's custody].) Father did not object to our taking judicial notice of the juvenile court's July 3, 2024 minute orders. We grant the Agency's request and take judicial notice of the juvenile court's minute orders dated July 3, 2024 terminating the juvenile court's jurisdiction as to the Children.  (See Evid. Code, §§ 452, subds. (c) & (d), 459.)

DISCUSSION

"An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.) "However, dismissal of a dependency appeal for mootness following termination of jurisdiction 'is not automatic, but "must be decided on a case-by-case basis."'"  (*Ibid.*)

"A case becomes moot when events "'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [the plaintiff] any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) Thus, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status. Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma'

5

alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Id.* at p. 277.)

Even where an appeal is moot, however, "courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P., supra*, 14 Cal.5th at p. 282.) In this instance, we decline to exercise our discretion to consider Father's moot appeal of the juvenile court's disposition orders. Father's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as a broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination. (See *D.P., supra*, 14 Cal.5th at p. 282.)

In *D.P.*, the California Supreme Court discussed a nonexhaustive list of factors for assessing whether a court should exercise discretionary review of a moot appeal in child welfare proceedings. (*D.P., supra*, 14 Cal.5th at pp. 285–287.) These include whether the challenged jurisdictional finding could be prejudicial to the appellant in future child welfare proceedings (*id.* at p. 285); whether the finding is based on particularly pernicious or stigmatizing conduct (*id.* at pp. 285–286); and whether the case became moot due to prompt compliance by parents with their case plan (*id.* at p. 286). Although Father did not file a response to the Agency's motion to dismiss and request for judicial notice, we have considered all relevant factors as set forth in *D.P.*, and the overarching goal of the child welfare system to safeguard children, with a focus on preserving the family and the child's well-being. We have done so and, having balanced the relevant considerations, we decline to exercise our discretion to consider the merits of Father's moot appeal.

DISPOSITION

The appeal is dismissed as moot.


MOTOIKE, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.